UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| GEOFFREY M. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:23-cv-00024-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ANDY BESHEAR, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Geoffrey Young has filed a litany of *pro se* lawsuits alleging conspiracies to rig elections against him. Now, he is back with another federal complaint. It is with a distinct sense of déjà vu that the Defendants' Motions to Dismiss **[R. 15; R. 19; R. 20; R. 23; R. 33; R. 38]** are **GRANTED IN PART** and **DENIED IN PART**.

**I**

Geoffrey Young is a perennial candidate for state and national office. [R. 14.] According to him, various defendants have unlawfully rigged elections against him for the past decade. *Id.* He seeks monetary relief against Governor Beshear, Circuit Judge Jeremy Mattox, Kentucky Educational Television (KET), Representative Andy Barr, and various political parties. *Id.*

Mr. Young's claims are not unfamiliar to this Court. In 2017, this Court dismissed another of Young's "election rigging" complaints. *See generally Young v. Overly*, No. 3:16-CV-00062-GFVT, 2017 WL 4355561 (E.D. Ky. Sept. 29, 2017), *aff'd*, No. 17-6242, 2018 WL

5311408 (6th Cir. July 2, 2018), *cert. denied*, 139 S. Ct. 1178 (2019). In dismissing that action, this Court cautioned:

> Young should be wary of being sanctioned himself. As Young is a pro se litigant and is without formal training in the law, the Court does feel compelled to extend a word of caution on filing claims in federal court when there are no factual circumstances to support the causes of action he alleges. It is simply not the case that anyone who pays the Court's filing fee may air any grievance in federal court, no matter how speculative or whether such grievances are grounded in fact. Federal substantive and procedural laws contain provisions that can cause plaintiffs alleging baseless claims to be sanctioned by the court or to be responsible for paying the attorney's fees of the adversary that was wrongfully hauled into court. It has been long recognized that Federal Rule of Civil Procedure 11 applies to pro se plaintiffs and permits sanctions by the Court when the asserted action is frivolous or without evidentiary support.

*Id.* at *5.

But "[t]his warning clearly fell on deaf ears[.]" *Young v. Edelen*, No. 2019-SC-000625-I, 2020 WL 1291421, at *4 (Ky. Feb. 20, 2020). Less than three years later, The Supreme Court of Kentucky had occasion to caution him again:

> Young has wasted more than his fair share of judicial resources filing numerous complaints with no legal basis over the last five years. It would therefore be well within this Court's discretion to enjoin Young from filing any cases against KET, or any of its employees or representatives, in any Kentucky court without prior court approval.

*Id.* In total, KET advises that Young has filed 11 similar lawsuits and 40 related appeals—all of which have been dismissed. [R. 15-1; R. 15-2.]

**II**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs' complaint. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d

471, 476 (6th Cir. 2007).  However, a court "'need not accept as true legal conclusions or unwarranted factual inferences.'"  *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555).

## A

Mr. Young's Amended Complaint asserts 46 Counts against the various defendants pursuant to 42 U.S.C. § 1983.  [R. 14.]  Counts 1 to 41 allege election-rigging conspiracies occurring from 2014 to 2022.  *Id.* at 1–90.  Counts 42 to 46 allege similar conspiracies occurring in 2022 and 2023.  *Id.* at 90–103.

Counts 1 through 41 are time-barred.  *See Robinson v. Butler Cnty.*, No. 4:18-CV-00172-JHM-HBB, 2020 WL 7389740, at *3 (W.D. Ky. Dec. 16, 2020) ("[I]n § 1983 actions, courts apply the relevant state statute of limitations to determine whether the claim is timely filed."); Ky. Rev. Stat. Ann. § 413.140; *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).").[1]  And to the extent those counts attempt to assert violations of state law (which may, in theory, be subject to different statutes of limitations), § 1983 is not an appropriate vehicle for those claims.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under §

---

[1] Young filed his lawsuit in April 2023, and his Amended Complaint in September 2023.

1983, a plaintiff must allege the violation of a right secured by the *Constitution and laws of the United States*, and must show that the alleged deprivation was committed by a person acting under color of state law.") (emphasis added). Accordingly, the Court will dismiss those counts with prejudice.

### B

The final four counts are not necessarily time barred. Nevertheless, they fail to state a claim.

### 1

Count 42 and 43 allege that Kentucky Educational Television conspired "to rig [] primaries against me" in 2019, 2020, 2022, and 2023. [R. 14 at 91.] Young appears to take issue with KET's "unconstitutional" fundraising threshold requirement to participate in a primary debate. Of course, some of these allegations are also time barred. But to the extent Counts 42 and 43 address non-time barred complaints, those claims are barred by immunity.[2]

Defendant KET (operated by the Kentucky Authority for Educational Television) is an agency of the Commonwealth of Kentucky, meaning that it enjoys immunity from suit under the Eleventh Amendment. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); Ky. Rev. Stat. Ann. § 168.030 (establishing the Kentucky Authority for Educational Television as an agency of the Commonwealth of Kentucky); Ky. Rev. Stat. Ann. § 168.010 (establishing that the Kentucky Authority for Educational Television shall manage and control the educational television network); *see also Libertarian Nat'l Comm., Inc. v. Holiday*, No. 3:14-CV-00063-GFVT, 2017 WL 4355553, at *5

---

[2] To the extent Counts 39 through 41 could be generously construed as falling within the statute of limitations, they are also barred by Eleventh Amendment immunity and, in any event, fail to state a claim.

n.3 (E.D. Ky. Sept. 29, 2017), *aff'd*, 907 F.3d 941 (6th Cir. 2018) (KET employees considered public officials for the purposes of qualified immunity). The Eleventh Amendment offers broad protection: states and their agencies enjoy immunity from all claims, "whether for injunctive, declaratory or monetary relief[.]" *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012).

And because KET (and the Kentucky Authority for Educational Television) are not state officials for purposes of *Ex Parte Young*, none of the exceptions to Eleventh Amendment immunity apply. *See Ex Parte Young*, 209 U.S. 123, 155–56 (1908) (explaining that "individuals who, as officers of the state" are violating or threatening to violate the Constitution "may be enjoined by a Federal court of equity from such action").[3]

KET is also immune from Young's state law claims. Under the Kentucky Constitution, state agencies "operating under the direction and control of the central state government" are immune from suit (absent explicit waiver). *Stratton v. Commonwealth*, 182 S.W.3d 516, 519 (Ky. 2006). As one of these agencies, KET (operated by the Kentucky Authority for Educational Television) enjoys immunity from suit for its governmental functions. *See* Ky. Rev. Stat. Ann. § 168.030 (establishing the Kentucky Authority for Educational Television as "[a]n independent agency and instrumentality of the Commonwealth"). Because KET is being sued in connection with its governmental duties (planning and establishing parameters for primary debates) it enjoys complete immunity from Young's state law claims as well. *Yanero v. Davis*, 65 S.W.3d 510, 519–20 (Ky. 2001).

---

[3] Young has also filed a "Motion for a Preliminary Injunction against KET." [R. 43.] The Motion appears to concern the monetary criterion for participating in debates. Again, because KET is immune under the Eleventh Amendment, the Court will deny the request. Even if KET were not immune, Young has not demonstrated a likelihood of success on the merits. *See, e.g., Holiday*, 907 F.3d at 947.

Finally, to the extent Counts 42 and 43 purport to sue other defendants in connection with KET's monetary requirement, Young does not explain how those defendants have any connection to the monetary requirement.

**2**

Young's 44th Count states that "[t]he KDP and Andy Beshear violated KRS 118.105(1) on March 25, 2023, and thereby illegally rigged the 2023 Democratic Primary for Governor against me." [R. 14 at 93.] But as the Sixth Circuit, this Court, and Kentucky Courts have repeatedly explained to Young, Kentucky Revised Statute § 118.105(1) "merely directs that political parties nominate all of their candidates." *Young v. Beshear*, No. 2015-CA-000669-MR, 2016 WL 929653, at *3 (Ky. Ct. App. Mar. 11, 2016); *see also Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *3 (6th Cir. July 2, 2018); *Young v. Overly*, No. 3:16-CV-00062-GFVT, 2017 WL 4355561, at *4 (E.D. Ky. Sept. 29, 2017). Young appears to complain that the Kentucky Democratic Party's (KDP) governing body muted him during a zoom meeting, preventing him from "talk[ing] about my platform." [R. 14 at 93–98.] He states that the "muting" coupled with the KDP's endorsement of Beshear amounted to a "rig[ging]" of the 2023 democratic primary. *Id.* These allegations fail to state a claim under the statute, which simply provides that political parties should nominate their candidates.

**3**

Next, Young's 45th Count alleges that the KDP and Fayette County Democratic Party and "have been rigging primaries against me for at least six years by blocking me out of Facebook groups and refusing to give me any information whatsoever." *Id.* at 98. To the extent these allegations can be construed as falling within the one-year statute of limitations for § 1983

6

actions, they also fail to state a claim under Kentucky Revised Statute § 118.105(1). Again, that provision simply directs political parties to nominate candidates.

**4**

Finally, Count 46 states that KET participated in a "conspiracy to rig the 2023 Democratic Primary for Governor against me." *Id.* at 98. Again, KET is entitled to immunity. In any event, these allegations again fail to state a claim. And to the extent Count 46 purports to sue Governor Beshear and the KDP, the Young does not explain how those defendants were involved in the purported conspiracy. Based on the foregoing, the Court will dismiss Young's Amended Complaint.[4]

**C**

Finally, the Court will address the Defendants' request for filing restrictions, attorney fees, and sanctions. "Though an absolute bar from further litigation is too broad, a Court may impose pre-filing restrictions for matters with historically repetitive litigation." *Mischler v. Bevin*, No. 3:17-CV-00066-GFVT, 2018 WL 1526333, at *9 (E.D. Ky. Mar. 28, 2018), *aff'd*, No. 18-5665, 2019 WL 2644639 (6th Cir. May 8, 2019).

---

[4] Mr. Young has also filed a Motion entitled "Motion for Order to Transfer Entire Case to Judge who Respects and Obeys the Law: Claria Horn Boom." [R. 58.] In his filing, Young laments the fact that this Court dismissed his previous Complaint in 2017. *Id.* He asserts that the Court "knowingly and maliciously lied" in dismissing his suit under Rule 12(b)(6). *Id.* Young goes on to accuse Judge Van Tatenhove of being "devious[,]" "100% biased and corrupt" and violating the Code of Conduct for United States Judges. *Id.* He further requests that Judge Van Tatenhove "resign from his powerful position[] and abandon his license to practice law[.]" *Id.* However, the time to revisit this Court's 2017 orders has passed. And Mr. Young's disagreement with this Court's rulings is not a reason for recusal. *See United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967) ("There is an obligation upon a Judge not to recuse himself when there is no occasion."); *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 354 (6th Cir. 2007) ("[A]s the late Chief Justice Rehnquist noted, 'a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified.'" (quoting *Laird v. Tatum*, 409 U.S. 824, 837 (1972))); *see also id.* ("[T]he judge need not recuse himself based on the subjective view of a party."). Accordingly, the Court will deny Mr. Young's Motion to Transfer.

Here, filing restrictions may be appropriate. It appears that, "without some sort of deterrent, [Young] will only continue h[is] attempts to re-litigate these issues." *Id.* State courts have reached a similar conclusion: Mr. Young has already been placed on pre-filing restrictions by the Fayette Circuit Court and the Kentucky Court of Appeals. [R. 15-6; R. 15-7]; *see also Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969) ("Federal courts may take judicial notice of proceedings in other courts of record.") (collecting cases). Accordingly, the Court will order Mr. Young to show cause why he should not be placed on filing restrictions in this Court.

Defendants further request that the Court impose attorney fees and monetary sanctions. *See generally* 28 U.S.C. § 1927; Fed. R. Civ. P. 11. The Court will decline to do so at this time. However, it will warn Mr. Young that further frivolous filings can and will result in the imposition of monetary sanctions. *See Mischler*, 2018 WL 1526333, at *9.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Requests to Dismiss Young's Claims are **GRANTED;**

2. All claims by Mr. Young against all Defendants are **DISMISSED** with prejudice;

3. The Defendants' Requests for Monetary Sanctions and Attorney Fees are **DENIED;**

4. Mr. Young's Request to Transfer and Request for an Injunction are **DENIED;**

5. All other pending motions are **DENIED as moot**; and

6. Mr. Young is directed to show cause within the next **thirty (30) days** as to why he should not be placed on pre-filing restrictions.

This the 27th day of August, 2024.

8

Gregory F. Van Tatenhove
United States District Judge