UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| GEOFFREY M. YOUNG, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:23-cv-00024-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ANDY BESHEAR, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Geoffrey Young has filed a litany of *pro se* lawsuits alleging conspiracies to rig elections against him. After the Court dismissed another of his federal complaints, he moved to vacate the Court's dismissal order. Because he fails to provide a reason for reconsideration, the Court will **DENY** his Motion **[R. 68.]**

**I**

Geoffrey Young is a perennial candidate for state and national office. [R. 14.] According to him, various defendants have unlawfully rigged elections against him for the past decade. *Id.* He seeks monetary relief against Governor Beshear, Circuit Judge Jeremy Mattox, Kentucky Educational Television (KET), Representative Andy Barr, and various political parties. *Id.*

Mr. Young's claims are not unfamiliar to this Court. In 2017, this Court dismissed another of Young's "election rigging" complaints. *See generally Young v. Overly*, No. 3:16-CV-00062-GFVT, 2017 WL 4355561 (E.D. Ky. Sept. 29, 2017), *aff'd*, No. 17-6242, 2018 WL

5311408 (6th Cir. July 2, 2018), *cert. denied*, 139 S. Ct. 1178 (2019). In dismissing that action, this Court cautioned:

> Young should be wary of being sanctioned himself. As Young is a pro se litigant and is without formal training in the law, the Court does feel compelled to extend a word of caution on filing claims in federal court when there are no factual circumstances to support the causes of action he alleges. It is simply not the case that anyone who pays the Court's filing fee may air any grievance in federal court, no matter how speculative or whether such grievances are grounded in fact. Federal substantive and procedural laws contain provisions that can cause plaintiffs alleging baseless claims to be sanctioned by the court or to be responsible for paying the attorney's fees of the adversary that was wrongfully hauled into court. It has been long recognized that Federal Rule of Civil Procedure 11 applies to pro se plaintiffs and permits sanctions by the Court when the asserted action is frivolous or without evidentiary support.

*Id.* at *5.

But "[t]his warning clearly fell on deaf ears[.]" *Young v. Edelen*, No. 2019-SC-000625-I, 2020 WL 1291421, at *4 (Ky. Feb. 20, 2020). Less than three years later, The Supreme Court of Kentucky had occasion to caution him again:

> Young has wasted more than his fair share of judicial resources filing numerous complaints with no legal basis over the last five years. It would therefore be well within this Court's discretion to enjoin Young from filing any cases against KET, or any of its employees or representatives, in any Kentucky court without prior court approval.

*Id.* In total, KET advises that Young has filed 11 similar lawsuits and 40 related appeals—all of which have been dismissed. [R. 15-1; R. 15-2.] The Court previously dismissed Young's 46 Count Amended Complaint for failure to state a claim. [R. 67.] It also directed Young to show cause within the next 30 days why he should not be placed on pre-filing restrictions. *Id.* Rather than show cause, Mr. Young filed a Motion to Vacate the Court's Dismissal Order. [R. 68.]

2

## II

At the outset, the Court recognizes that Mr. Young is proceeding *pro se* and construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Though its not entirely clear, he appears to bring his motion to vacate under Federal Rule of Civil Procedure 59. As a threshold issue, "Rule 59(e), by its own language, governs 'motion[s] to alter or amend a judgment,' and no judgment has been entered in this case." *Trimboli v. Maxim Crane Works, L.P.*, No. 3:18-CV-00346, 2020 WL 3546810, at *4 (M.D. Tenn. June 30, 2020). Nevertheless, a Rule 59(e) motion filed before the entry of judgment can be construed as a motion to reconsider an interlocutory order. *Hestle v. United States*, No. CIV. 05-40245, 2005 WL 1981301, at *1 (E.D. Mich. Aug. 16, 2005). In accordance with its duty of liberal construction in this case, the Court construes Mr. Young's Motion as a request to reconsider an interlocutory order under Rule 54(b).

A federal district court has the authority to reconsider interlocutory orders under both the common law and Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborer's Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Courts reconsider interlocutory orders only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* A motion to reconsider an interlocutory order is not an invitation for the parties to relitigate the issue. *See Hazard Coal Corp. v. Am. Res. Corp.*, No. 6:20-CV-010-CHB, 2022 WL 18638743, at *3 (E.D. Ky. Sept. 9, 2022).

### A

First, Young takes issue with the Court's dismissal of his time barred allegations of election rigging conspiracies occurring from 2014 to 2022. [R. 68 at 1.] He states as follows:

"that finding is a bald-faced lie.  Since 2015, I have always alleged that there is only one ongoing, primary-election-rigging conspiracy against me. . . . This Court intentionally and maliciously misrepresented my central allegation in order to make it impossible for me ever to receive a fair trial."  *Id.*  at 1–2.  Young goes on to cite portions of his amended complaint, as well as a source concerning federal criminal law.  *Id.*  He asserts that the statute of limitations should run from the date of the last overt act in the conspiracy, which, according to him, is May 16, 2023.  *Id.*  In support, he reiterates his conclusion that the singular conspiracy remains ongoing.  These conclusory allegations do not demonstrate an error of law and are insufficient to warrant reconsideration.

**B**

Next, Mr. Young takes issue with the Court's dismissal of his non-time barred claims for failure to state a claim under Rule 12(b)(6).  [R. 68 at 3–6.]  In particular, he challenges the Court's finding that Kentucky Educational Television enjoys immunity from suit under the Eleventh Amendment.  However, he fails to identify an error in the Court's reasoning.  He further erroneously asserts that the Court failed to apply the *Twombly* standard.  However, the Court did apply the *Twombly* standard, *see, e.g.*, [R. 67 at 3], and Young provides no reason to reconsider its previous ruling.

**C**

Next, he challenges the Court's dismissal of his claims under Kentucky Revised Statute § 118.105(1).  [R. 68 at 6.]  He asserts that this Court and various other courts are misinterpreting the statute.  *Id.*  But he again fails to explain how his allegations state a claim under this provision.

**D**

Mr. Young further disputes the Court's determination that Count 46 failed to state a conspiracy claim. [R. 68 at 7.] There, the Court found that "to the extent Count 46 purports to sue Governor Beshear and the KDP, [] Young does not explain how those defendants were involved in the purported conspiracy." [R. 67 at 7.] He rehashes allegations from the complaint and states that "Because Andy Beshear was the main beneficiary of KET's violation of my First Amendment rights in 2023, I obviously alleged that Beshear was involved in the ongoing conspiracy. This Court's 'finding' that I didn't explain that was another bald-faced **LIE**." [R. 68 at 8.] But as the Court previously explained, KET is entitled to immunity and, in any case, Young's allegations fail to state a claim. True, Young makes conclusory allegations that Governor Beshear benefitted from an alleged conspiracy. But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000). Accordingly, Young again fails to provide a reason for reconsideration.

**E**

Finally, Mr. Young has not been responsive to the Court's Order that he "show cause within the next thirty (30) days as to why he should not be placed on pre-filing restrictions." [R. 67 at 8.] In that Order, the Court warned Mr. Young that a failure to show cause could result in pre-filing restrictions. *Id.* It further explained that "Mr. Young has already been placed on pre-filing restrictions by the Fayette Circuit Court and the Kentucky Court of Appeals. [R. 15-6; R. 15-7]." *Id.* It also cautioned Young "that further frivolous filings can and will result in the imposition of monetary sanctions." *Id.*

Here, filing restrictions are appropriate. *See Mischler v. Bevin*, No. 3:17-CV-00066-GFVT, 2018 WL 1526333, at *9 (E.D. Ky. Mar. 28, 2018), *aff'd*, No. 18-5665, 2019 WL

2644639 (6th Cir. May 8, 2019) ("Though an absolute bar from further litigation is too broad, a Court may impose pre-filing restrictions for matters with historically repetitive litigation."). It appears that, "without some sort of deterrent, [Young] will only continue h[is] attempts to re-litigate these issues." *Id.* His repetitive litigation has "consume[d] the finite resources of the courts and force[d] defendants to pay attorneys to litigate meritless actions." *Id.*; *see Anderson v. Dickson*, 715 F. App'x 481, 489 (6th Cir. 2017). Mr. Young has been on notice of the potential for pre-filing restrictions. He has failed to comply with the Order to Show Cause why he should not be placed on restrictions. Accordingly, this Court will join the Kentucky Court of Appeals and the Fayette Circuit Court in restricting Young's ability to file.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Young's Motion to Vacate **[R. 68]** is **DENIED**;

2. Mr. Young is **ORDERED** to seek permission from this Court before filing any future litigation, demonstrating that the claim(s) he intends to assert are not frivolous and that the suit is not brought for an improper purpose;

3. Mr. Young is again **WARNED** that future frivolous litigation will result in monetary sanctions;

4. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

5. The Court will enter a corresponding Judgment.

This the 7th day of May, 2025.

Gregory F. Van Tatenhove
United States District Judge